UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10399
Summary Calendar
_____


DANIEL JOSEPH RICHBOURG, JR.,

                              Plaintiff-Appellant,

                    versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
RONALD D. DREWRY; THOMAS R. JONES, CO. III;
MIKE R. ALLISON, CO. III,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
(1:95-CV-136-C)
_____
November 19, 1996


Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

    Appellant, an inmate in the Texas state prison system, appeals

the district court's dismissal of certain of his claims against two

correctional officers.  Because the challenged district court order

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

is not a final judgment subject to appeal, we conclude that we lack jurisdiction. Accordingly, we dismiss the appeal.

Appellant claims that he was assaulted by two prison guards and that they conspired to falsify a disciplinary report against him. Appellant brought a civil rights action under 42 U.S.C. § 1983 against the correctional officers, Thomas R. Jones and Mike R. Allison, in their individual and official capacities.[1]

In an order and a separate judgment entered on January 19, 1996, the district court dismissed the conspiracy claim and all claims against the correctional officers in their official capacities. The court did not certify this judgment as final pursuant to Fed. R. Civ. P. 54(b). Appellant's claims against appellees in their individual capacities were still pending.[2] Nevertheless, appellant purports to appeal the district court's dismissal of the conspiracy and official capacity claims.[3]

---

[1] Two supervisory officials also were named as defendants. The district court rendered a final judgment pursuant to Fed. R. Civ. P. 54(b) dismissing all claims against the supervisors, Ronald D. Drewry, the prison warden, and Director Wayne Scott of the Texas Department of Criminal Justice, Institutional Division. Appellant has not appealed this partial final judgment, and the supervisors' names have been deleted from the caption.

[2] These claims were tried to a jury, which returned a verdict for the defendants. Judgment was entered on July 25, 1996.

[3] The state contends that this appeal is untimely. The state misconstrues the applicable rules. The district court's judgment of dismissal was entered on January 19, 1996, giving appellant 30 days to file a notice of appeal. Fed. R. App. P. 4(a)(1). On January 29, appellant timely filed what was, in effect, a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). This motion suspended the 30-day appeal period. Fed. R. App. P.

2

We take up the issue of our appellate jurisdiction *sua sponte*. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). With certain exceptions created by statute or judicial decision, our jurisdiction is limited to review of final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. A final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (citation and internal quotation marks omitted). The federal appellate courts are authorized to review judgments dismissing "one or more but fewer than all of the claims or parties," but may do so only if the district court expressly certifies that its order is final as to those claims or parties. *See* Fed. R. Civ. P. 54(b); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)(citations omitted). Absent a Rule 54(b) certification, the partial disposition of a multi-claim action does not qualify as an appealable final judgment. *Dillon v. Mississippi Military Dep't*, 23 F.3d 915, 917 (5th Cir. 1994); *Thompson v. Betts*, 754 F.2d 1243,

---

4(a)(4). The district court denied the motion to alter or amend in an order signed on March 8. This order was not entered on the docket until March 12. The *entry* of this order reset the 30-day clock, and appellant timely filed his notice of appeal on April 11. "The 30-day period in which to notice an appeal runs from the date of entry of the judgment or order appealed from ... and not from the date of the filing of the order." *Coleman v. Holmes*, 789 F.2d 1206, 1207 (5th Cir. 1986) (citations and internal quotation marks omitted).

3

1245 (5th Cir. 1985).

The district court ruling challenged by appellant did not end the litigation on the merits. It is not final, nor is it an appealable interlocutory order. Finally, it was not certified as a partial final judgment pursuant to Rule 54(b). It is therefore beyond this court's appellate jurisdiction.

The appeal is DISMISSED for lack of jurisdiction. Appellant also has filed a "Motion to Reconsider" urging this court to review the disposition below. This motion is not contemplated by the federal rules of civil or appellate procedure and is not properly addressed to this court. Accordingly, the motion is DISMISSED.